UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT KNICKERBOCKER,

          Petitioner,

v.                                        CIVIL ACTION NO. 04-CV-71837-DT
                                       HONORABLE VICTORIA A. ROBERTS

HUGH WOLFENBARGER,

          Respondent.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

      Petitioner has filed a motion for a certificate of appealability concerning this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds in part and on the merits in part. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

1

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal is warranted. *Id.*

This Court determined that Petitioner's third through sixth habeas claims are barred by the one-year statute of limitations applicable to federal habeas actions.  *See* 28 U.S.C. § 2244(d). While the Court continues to believe that those claims are untimely, it nonetheless concludes that reasonable jurists could find the Court's dismissal of those claims on statute of limitations grounds debatable.  *See Fielder v. Varner*, 379 F.3d 113, 117-120 (3rd Cir. 2004), *cert. den.* _ U.S. _, 125 S. Ct. 904 (2005); *Alley v. Bell*, 392 F.3d 822, 829-30 (6th Cir. 2004); *but cf. Walker v. Crosby*, 341 F.3d 1240, 1243-44 (11th Cir. 2003).  Further, Petitioner has made a substantial showing of the denial of a constitutional right concerning those claims, which concern the jury instructions, the disclosure of evidence, the right to present a defense, and the effectiveness of counsel.  Accordingly, the Court **GRANTS** a certificate of appealability as to Petitioner's third through sixth habeas claims.

The Court, however, concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his first and second habeas claims, which concern the state trial court's failure to file his second motion for relief from judgment, alleged perjury, and actual innocence. Accordingly the Court **DENIES** a certificate of appealability as to Petitioner's first and second habeas claims.

**IT IS SO ORDERED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: May 3, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 3, 2005.

s/Carol A. Pinegar  
Deputy Clerk

---